## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| **BRENTWOOD EQUITIES, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE TACO MAKER, INC.,**<br><br>**Defendant.** | **MEMORANDUM DECISION**<br>**& ORDER**<br><br>**Case No. 1:15-cv-00029**<br><br>**United States District Court Judge**<br>**Robert J. Shelby**<br><br>**Magistrate Judge Dustin B. Pead** |

### I.  BACKGROUND

This case was referred to Magistrate Judge Dustin B. Pead by District Court Judge Robert J. Shelby pursuant to 28 U.S.C. §636(b)(1)(A) (Dkt. No. 35).  Currently pending before the court is Defendant Taco Maker Inc.'s ("Taco Maker"):  (1) "Motion to Determine Sufficiency of Answer" (Dk. No. 38); (2) "Motion to Compel" (Dkt No. 39); (3) "Motion to Amend" (Dkt. No. 40); (4) "Motion for Miscellaneous Relief" (Dkt. No. 55); (5) "Motion For Extension of Time To File Reply" (Dkt. No. 56); and (6) "Motion For Protective Order" (Dkt. No. 57); and Plaintiff Brentwood Equities's ("Brentwood") (7) "Motion For Protective Order" (Dkt. No. 54).

Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

### II.  PENDING MOTIONS

#### 1.  Taco Maker's Motion To Determine Sufficiency Of The Answer (Dkt. No. 38)

On August 10, 2015, Taco Maker filed its "Motion To Determine Sufficiency Of Answer Or Response" challenging Brentwood's responses to four of its requests for admission ("RFA")

(Dkt. No. 38).  Taco Maker asserts Brentwood's objections to RFA 2, 10, 11 and 12 were not justified, and Taco Maker incurred unnecessary expenses by conducting depositions to obtain information already known, or reasonably available, to Brentwood.  As a result, Taco Maker asks the court to deem RFA 2, 10, 11 and 12 as admitted and grant its request for an award of attorney fees and costs incurred.

In opposition, Brentwood asserts that Taco Maker's RFA improperly combined requests for admission of "fact" with requests for admission of "legal conclusions" and sanctions are not appropriate (Dkt. No. 51).

### a) Federal Rule of Civil Procedure 36

Rule 36 allows a party to serve a written request to admit "the truth of any matters within the scope of 26(b)(1) relating to facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1).  The rule was "designed as a device by which at least some of the material facts of a case could be established without the necessity of formal proof at the trial." *Champlin v. Okla. Furniture Mfg. Co.,* 324 F.2d 74, 76 (10th Cir. 1963); *see also, Keen v. Detroit Diesel Allison,* 569 F.2d 547, 554 (10th Cir. 1978).   Application of the rule allows the parties to narrow the issues and "secure the just, speedy and inexpensive determination of actions by avoiding the time, trouble and expense required to prove undisputed facts which should be admitted."  *LaForte v. Horner*, 833 F.2d 977, 982 (Fed. Cir. 1987).

If a matter is not admitted, rule 36 requires the answering party to specifically deny or state in detail why:

> the answering party cannot truthfully admit or deny it.  A denial
> must fairly respond to the substance of the matter; and when good
> faith requires that a party qualify an answer or deny only a part of
> a matter, the answer must specify the part admitted and qualify or
> deny the rest.  The answering party may assert lack of knowledge

of information as a reason for failing to admit or deny only if the
party states that it has made reasonably inquiry and that the
information it knows or can readily obtain is insufficient to enable it
to admit or deny.

Fed. R. Civ. P. 36(a)(4).  Responses to requests for admission should be "forthright, specific, and

unconditional."  8B Charles Alan Wright & Arthur R. Miller, *Federal Practice And Procedure §*

*2260* (3d ed. 2010).  An evasive response that fails to specifically deny the matter or set forth in

detail the "reasons why the answering party cannot truthfully admit or deny the matter, may be

deemed an admission."  *Asea, Inc. v. South Pacific Transp. Co.,* 669 F.2d 1242, 1245 (9th Cir.

1981).  An answering party, "runs no risk of sanctions if the matter is genuinely in issue" since

sanctions are only appropriate when there is no justifiable reason to support a failure to admit.

Fed. R. Civ. P. 36 *Advisory Committee Notes* (2015).

> ### b) Analysis

The court addresses each of Taco Maker's requests for admission and Brentwood's

responses thereto (Dkt. No. 38-1).

> **Request For Admission No. 2**
>
> **RFA No. 2:** Admit that Taco Maker surrendered possession and
> Brentwood accepted surrender of the Premises on or about November
> 5, 2014.
>
> **Response:**  Brentwood objects to this Request as 1) two compound
> legal conclusions that are 2) vague; 3) argumentative; 3)[sic] soliciting
> legal conclusions 4) that would go directly to the respective Parties'
> Legal defenses and claims; 5) including those on which Taco Maker
> bears the burden of proof; 6) that are defined by the integrated
> December 1999 Least that Taco Maker assumed and speaks for itself;
> and 7) therefore seeking to circumvent Taco Maker's burdens of proof
> in the form of circumventing facts that would tend to make more or
> less likely the legal conclusion posed in this Request.  Brentwood
> without waiving these objections denies this Request.

Upon review, the court finds Brentwood's objection to RFA 2 is not substantially justified. Brentwood fails to respond to the request in its entirety and offers no partial admission or qualification.  Further, Brentwood's specific challenges to the language of the RFA are weakened by Brentwood's use of the same factual admissions in the body of its complaint (Dkt. No. 2-3). Specifically, paragraph twenty-one (21) states:

> On or about November 5, 2014 Taco Maker ceased its business operations on the Property, and surrendered possession of the Property to Brentwood by delivering the keys to the Property to Brentwood's agent

(Dkt. No. 2-3, ¶21).  Based thereon, the court grants Taco Maker's motion as to RFA 2 finding Brentwood's response insufficient and not substantially justified.  Brentwood is not entitled to rely upon affirmative factual allegations set forth in its own pleading, while simultaneously refusing to admit the same allegations in the context of Taco Maker's request for admission.

**Request For Admission No. 10**

**RFA No. 10.** Admit that on or before February of 2014, Brentwood was placed on express written notice of Taco Maker's intention to terminate the Lease and surrender the Premises.

**Response:** Brentwood objects to the terms "express" "notice," "express written notice," "intention," "terminate," "surrender," and "Taco Maker's intention to terminate the Lease and surrender the Premises" as undefined, possibly intended to be legal terms, and otherwise vague in the context of this Request.[1]

---

[1] Brentwood further objects to RFA 10 and RFA 12 on the grounds that "1) presenting several compound legal conclusions that are 2) vague; 3) argumentative; 3) [sic] soliciting legal conclusions 4) that would go directly to the respective Parties' Legal defenses and claims; 5) including those on which Taco Maker bears the burden of proof; 6) that are defined by the integrated  December 1999 Least that Taco Maker assumed and speaks for itself; and 7) therefore seeking to circumvent Taco Maker's burdens of proof in the form of circumventing facts that would tend to make more or less likely the legal conclusion posed in this Request.  Brentwood

Taco Maker directs the court to the July 7, 2015, deposition testimony of Brentwood's 30(b)(6) designee, Ms. Jenene Packham ("Ms. Packham").  At her deposition, Ms. Packham was questioned by Taco Maker's counsel regarding a February 13, 2014, correspondence between the parties (Dkt. No. 38-1); *Deposition of Brentwood Equities,* pp. 29:14-16.[2]  Taco Maker argues that Ms. Packham's deposition testimony confirms Brentwood's knowledge of Taco Maker's intent to terminate the lease and affirmatively establishes its ability to answer RFA 10.

The court has reviewed the deposition testimony offered.  In doing so, the court is reminded that its role is not to make factual determinations of accuracy related to Brentwood's objections.  *See Foretich v. Chung*, 151 F.R.D. 3, *5 (D.D.C. 1993) ( the right to challenge the sufficiency of a response is not the "equivalent of the right to challenge the veracity of a denial.").  Rather, the court is tasked with determining the sufficiency of Brentwood's objections pursuant to the requirements of rule 36.  Upon review, the court concludes that Brentwood's objection to RFA 10 as undefined, vague and argumentative is justified.  Whether a  party's "interest" in

---

without waiving these objections denies this Request."

[2]  Specifically, Taco Maker's counsel asked Ms. Packham:

| | |
|---|---|
| Q: | Would you explain to me what this is? |
| A: | It's a letter from Taco Maker addressed to our attorney, legal counsel, hired to deal with the delinquency of Taco Maker. And it's a communication regarding—it's a proposal from Taco Maker to terminate their lease. |
| Q: | Is it fair to say as of February 13th, 2014 Brentwood Equities had notice of Taco Maker's interest in an early termination of the lease? |
| A: | Their interest? |
| Q: | Correct |
| A: | Yes. |

*Id.*

termination amounts to an "express notice" of its intention to terminate is a matter at issue in the case and Taco Maker's motion as to RFA 10 is denied.

### Request For Admission No. 11

**RFA No. 11:** Admit that Brentwood did not take efforts to locate a replacement tenant for the Premises on or before October of 2014.

**Response:** Denied.

Taco Maker asserts that testimony elicited during the depositions of Ms. Packham, Mr. Gary Miller and Mr. John Owens confirms that Brentwood had sufficient information to admit RFA 11. Upon review, the court disagrees. While relevant for purposes of context and not veracity, Taco Maker has not proved through discovery what Brentwood denies. Further, issues surrounding replacement tenants and relevant dates are matters genuinely in issue and therefore Brentwood's denial is sufficient.

### Request For Admission No. 12

**RFA No. 12:** Admit that Brentwood, acting through Jill Packham and/or Dwayne Vance, refused to take any efforts to mitigate damages and instead solely requested payment of all rents and fees due and to become due under the Lease.

**Response:** Brentwood objects to the terms "refused," "efforts," "any efforts"and "mitigate" as undefined, possibly intended to be legal terms and otherwise vague in the context of this Request.[3]

The court agrees with Brentwood's objections to Taco Maker's RFA 12. The request is argumentative and seeks admission of compound legal conclusions. Accordingly, Taco Maker's

---

[3]*See supra* ftn. 2

motion is denied as to RFA 12.[3]

### c) Sanctions

Rule 36 states that "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served" and "Rule 37(a)(5) applies to an award of expenses." Fed. R. Civ. P. 36(a)(6). Taco Maker seeks both an award of expenses and a finding that insufficient answers are deemed admitted.

As set forth herein, the court grants Taco Maker's motion as to RFA 2. Accordingly, RFA 2 is admitted and Taco Maker is awarded reasonable expenses and attorney's fees incurred in relation thereto. Consistent therewith, the court directs Taco Maker within ten (10) days of the date of this Order to submit documentation supporting its expense related to RFA 2.

### 2. Taco Maker's Motion To Amend And Supplement Pleading (Dkt. No. 40)

On August 17, 2014, Taco Maker filed its motion to amend and supplement its answer and counterclaim pursuant to federal rule of civil procedure 15 (Dkt. No. 40); *see* Fed. R. Civ. P. 15(a), (d). Brentwood opposes Taco Maker's motion on three main grounds (Dkt. No. 48). First, Brentwood contends that, if allowed, the amendments will lead to delay stemming from Taco Maker's anticipated motions to extend the scope of fact discovery and discovery deadlines. Second, Brentwood asserts prejudice will result from its having to file a responsive pleading. Finally, Brentwood argues the amendments are futile and should be denied.

---

[3]The court reminds Brentwood of its continuing obligation under rule 36 to , when possible, qualify an answer or deny only a portion of the request while admitting the remainder. Doing so will assist the parties in narrowing the matters at issue.

### a) Federal Rule of Civil Procedure Rule 15

Taco Maker files its motion pursuant to rule 15 of the Federal Rules of Civil Procedure.[4] Under that rule, "the court should freely give leave" to amend pleadings when justice so requires." Fed. R. Civ. P. 15(a)(2)*; see also Foman v. Davis*, 371 U.S.178, 182 (1962).   The decision as to whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).   "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."   *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

### b) Analysis

As an initial matter, the court finds Taco Maker's motion to amend to be timely filed pursuant to the terms of the parties' scheduling order and the relevant discovery periods set forth

---

[4]Taco Maker brings its motion pursuant to federal rule 15(a)(2) regarding amendments to pleadings and federal rule 15(d) addressing the supplementation of pleadings.  In general, Rule 15 is designed to facilitate both the amendment of pleadings and the addition of supplemental materials.  To distinguish, amended pleadings are those which "incorporate events that occurred prior to the filing of the original pleadings, while supplemental pleadings include transactions or occurrences that take place after the filing of the original pleading." 3-15 *Moore's Federal Practice–§ 15.02*; *See, e.g., Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. ).  The standard "used by courts in deciding to grant or deny leave to supplement is the same standard in deciding whether to grant or deny leave to amend." *Fowler v. Hodge*, 94 Fed. Appx. 710, 714 (10th Cir. Okla. 2004) (*citing* Moore's Federal Practice § 15.30 at 15-107); *see also* Fed. R. Civ. P. 15(d) (permitting supplementation "[o]n motion and reasonable notice, . . . , [and] on just terms."). Consistent therewith, the court applies the amendment standard or rule 15 to both Taco Maker's request to amend and to supplement the pleadings.

therein (Dkt. No. 13, p. 4).[5]

Upon consideration of the parties' arguments, the proposed amendments and the liberal amendment standard under rule 15, the court grants Taco Maker's motion for leave.[6]  The court concludes that the proposed amendments address the same events and appropriately seek to clarify answers, add factual support and generally conform the pleadings to evidence obtained in discovery.  Additionally, the court is unpersuaded by Brentwood's assertion that undue delay prohibits amendment.  At this juncture, any delay caused by Taco Maker's alleged intent to expand the scope of discovery and extend discovery deadlines is speculative.  Further, if filed, any request to extend deadlines would be the subject of a separate motion and to be considered by the court under a distinct standard of review.  *See*  Fed. R. Civ. P. 15 (a)(2) ("the court should freely give leave when justice so requires"); *cmpr.* Fed. R. Civ. P. 16 (allowing modification "only for good cause and with the judge's consent.").

Similarly, the court is unpersuaded by Brentwood's claims of prejudice and futility.  Any challenges that may be imposed upon Brentwood by filing a responsive pleading are not the type of "prejudice" contemplated as prohibiting amendment.  *See Minter,* 451 F.3d at 1208 (citing *Patton v. Guyer,* 443 F.2d 79. 86 (10th Cir. 1971) (internal quotations marks omitted) ("Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment.").  Moreover, generalized, non-specific assertions of futility do not properly support denial of Taco Maker's motion to amend.  *See Collvins v.*

---

[5]Under the parties' scheduling order, August 17, 2015, is designated as the last day within which to file a motion to amend the pleadings (Dkt. No. 13).

[6]Brentwood does not object to Taco Maker's removal of "allegations and claims of fraud" (Dkt. No. 48).  Accordingly, the court considers those portions of the motion as unopposed.

*Hennebold,* 585 Fed. Appx. 951, (10th Cir.) (citing *Anderson v .Suiters*, 499 F.3d 1229, 1238 (10th Cir. 2007) (internal quotation marks omitted) ("A proposed amendment is futile if the complaint, as amended would be subject to dismissal.")

For these reasons, Taco Maker's motion to amend is granted.

### III.  MEET AND CONFER REQUIREMENTS

#### 1.  Remaining Pending Motions

It is within the court's discretion to deny discovery related motions for failure to comply with the meet-and-confer requirements set forth in Rule 37 and the corresponding local rules.  *See Schulte v. Potter*, 218 Fed. Appx. 703, 709 (10th Cir. 2007).  Federal Rule of Civil Procedure 37 requires certification that the moving party has "in good faith" conferred with the opposing party in an effort to resolve the dispute absent court intervention.  Fed. R. Civ. P. 37(a)(1).  In turn, the District of Utah's local rules requires counsel to file a statement showing that counsel has made "a reasonable effort to reach agreement with opposing counsel on the matters set forth in the motion."  DUCivR 37-1(a).  The statement "must provide the date, time and place where counsel conferred and the names of all participants present at the conference."  *Id.*

The court has considered the remaining pending motions, along with the attached meet-and-confer certifications, and concludes that the parties have not sufficiently complied with the meet-and-confer requirements of the local and federal rules.  The parties' failure to effectively meet-and-confer is evidenced, in part, through the filing of serial motions that lack pointed and well-defined disputes.  In turn, the attachment of vexatious and nettled email correspondence does not supplant the requirement that the parties engage in meaningful and good faith discussions.  A meaningful good faith meet-and-confer is more than just a formality.  Rather, the parties must

10

bear in mind that when participating in a meet and confer with opposing counsel they shall,

> address and discuss the propriety of asserted objections.  They must
> deliberate, confer, converse, compare view, or consult with a view to
> resolve the dispute without judicial intervention.  They must make
> genuine efforts to resolve the dispute by determining precisely what
> the requesting party is actually seeking; what responsive documents
> or information the discovery party is reasonably capable of producing;
> and what specific, genuine objections or other issues, if any, cannot be
> resolved without judicial intervention

*Contracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999).

Accordingly, the court admonishes counsel to make every possible effort to reach agreement regarding the discovery disputes at issue in the remaining pending motions (Dkt. No. 39, Dkt. No. 54, Dkt No. 55, Dkt. No. 57).  The parties are encourage to work together to make the discovery process as efficient and meaningful as possible.  Such efforts will save valuable resources of both the court and the movants.  Should these issues remain unresolved the parties may re-file their motions.  Any re-filed motions must comply with federal and local rules in addition to any other orders issued by the court.  *See* (Dkt. No. 49).

### IV.  SHORT FORM DISCOVERY ORDER

On September 1, 2015, Judge Shelby ordered that all discovery disputes between Brentwood and Taco Maker be filed in accordance with the Short Form Discovery Motion Procedure (Dkt No. 49).  Accordingly, all motions filed after the entry of Judge Shelby's Order must be filed in compliance therewith.

### V. ORDER

As set forth herein the Court rules as follows and ORDERS:

1. Taco Maker's Motion To Determine Sufficiency of Answer is GRANTED in part as to RFA 2 (Dkt. No. 38). Taco Maker is ordered to file its fees and costs related thereto within 10 days of the date of this Order;

2. Taco Maker's Motion To Amend And Supplement The Pleading is GRANTED (Dkt. No. 40);

3. Taco Maker's Motion To Compel (Dkt. No. 39), Motion For Miscellaneous Relief (Dkt. No. 55), Motion For Protective Order (Dkt. No. 57) and Brentwood's Motion For Protective Order (Dkt. No. 54) are DENIED without prejudice. After engaging in a meaningful meet-and-confer regarding the discovery disputes at issue, if necessary, the parties may re-file their motions.

4. Any re-filed motion that was originally filed after the District Court's September 1, 2015, entry of the Short Form Discovery Order shall be filed consistent therewith (Dkt. No. 49).

5. Taco Maker's Motion For Extension of Time (Dkt. No. 56) is MOOT.

DATED this 7th day of October, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge