IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| BRENTWOOD EQUITIES,<br><br>    Plaintiff,<br><br>v.<br><br><br>THE TACO MAKER, INC.,<br><br>    Defendant. | MEMORANDUM DECISION & RULING<br><br>Case No. 1:15-cv-00029<br><br>District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This case is currently before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. § 636 (b)(1)(A) referral from District Court Judge Robert Shelby. (Dkt. No. 35.)

Currently pending is Plaintiff Brentwood Equities' (Plaintiff or Brentwood) Motion to Order Defendant to File Response (Dkt. No. 134) and its Motion for Sanctions. (Dkt. No. 150.) Also pending is Defendant Taco Maker's (Defendant or Taco Maker) Amended Motion for Sanctions. (Dkt. No. 148.)

**BACKGROUND**

The background of this case is familiar to the parties. As a result, the court addresses only those facts relevant to the pending motions. On July 7, 2015, Brentwood produced former property manager Jill Packham (Packham) for its 30(b)(6) deposition. (Dkt. No. 120-1.) At the deposition, Packham indicated she was unable to testify on mitigation or events occurring after February 11, 2015. Instead, Packham identified Sanford Sugar (Sugar) as an appropriate witness on those issues. (Dkt. No. 148-2, 54:1-25, 45:1-25.)

After the deposition, Taco Maker filed its motion to compel a second deponent to complete Brentwood's 30(b)(6) deposition. (Dkt. No. 120.) The court granted the motion, awarding Defendant an additional four hours to depose Sugar. (Dkt. No. 129.) Sugar's deposition was taken on December 10, 2016. (Dkt. No. 148-1.)

On February 1, 2017, Brentwood filed a motion (Dkt No. 134) requesting the court order Taco Maker to file a response to its motion for summary judgment as filed on January 13, 2016. (Dkt. No. 96.) Taco Maker opposed the motion asserting a resolution of alleged discovery violations was necessary before addressing any dispositive matters. (Dkt. No. 136.)

Shortly thereafter, Taco Maker submitted its motion to file an over-length motion for sanctions. (Dkt. No. 140.) The court granted Defendant's motion and issued an Order limiting all briefing to ten pages. (Dkt. No. 144.) On February 26, 2017, four days after the court issued its Order, Taco Maker filed a thirty-three page motion for sanctions against Brentwood for failing to produce a knowledgeable 30(b)(6) witness. (Dkt. No. 145.) Plaintiff filed an opposition to the motion and objected to the merits of Defendant's claims along with the length of the brief. (Dkt. No. 146.)

On March 20, 2017, Taco Maker withdrew its over-length motion (Dkt. No. 147), and filed a ten page amended motion for sanctions. (Dkt. No. 148.) Plaintiff filed an opposition to Defendant's amended motion (Dkt. No. 151), along with its own motion for sanctions seeking costs and fees incurred in preparing an opposition to Taco Maker's withdrawn motion. (Dkt. No. 150.)

## **PENDING MOTIONS**

### I. Taco Maker's Amended Motion For Sanctions

Pursuant to Federal Rules of Civil Procedure 30 and 37, Taco Maker moves the court for dismissal of the case based upon Brentwood's: (1) failure to provide a knowledgeable 30(b)(6) deponent; (2) presentation of a witness who provided false testimony; and (3) improper redirection of questions between witnesses. Each of Taco Maker's claims are addressed herein.

#### **Sugar Was An Appropriate 30(b)(6) Deponent.**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), a corporation is required to provide a knowledgeable person to appear at deposition and answer questions "in a non-evasive manner about the designated subject matter." *Asarco LLC v. Noranda Mining, Inc.,* 2015 U.S. Dist. LEXIS 55650 *(citing Raytheon Aircraft Co. v. United States,* 2007 U.S. Dist. LEXIS 66156 *10-11 (D. Kan. Sept. 6, 2007); *see also* Fed. R. Civ. P. 30(b)(6) (stating the named corporation must designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on [the corporation's] behalf. . . .").

Taco Maker asserts Sugar effectively failed to appear for his December 10, 2016, 30(b)(6) deposition because he was ill-prepared and unable to recall material facts. Taco Maker's claims are overstated. A review of the transcript reveals that Sugar provided appropriate answers to questions posed. Rather, Defendant's claims of ill-preparedness reflect a hyper-technical

interpretation of the burden placed upon a 30(b)(6) deponent to educate himself on matters known or reasonably available to the corporation. In turn, many of the responses characterized as evidencing Sugar's poor preparation involve issues that are immaterial to the litigation or conflate his lack of preparation with a discommodious response.[1]

**Allegations Of Conflicting Testimony May Be Raised At Trial.**

Next, Taco Maker asserts Sugar intentionally provided false testimony "on the single most important issue in this litigation, the mitigation of damages." (Dkt. No. 148, p. 6.) Specifically, Defendant argues Sugar's mitigation testimony conflicts with the testimony of Packham, Gary Mangum (Mangum) and Brentwood's Listing Agreement with Marcus & Millichap. (Dkt. No. 148-5.)

As an initial matter, Taco Maker's claim of conflicting testimony between 30(b)(6) deponents Packham and Sugar is curious. As discussed above, Taco Maker was only given an opportunity to take Sugar's deposition based upon Packham's inability to provide knowledgeable testimony on certain issues, including mitigation. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) ("[t]he law is well-settled that corporations have an affirmative duty to make available as many persons as necessary to give complete knowledgeable, and binding answers on the corporation's behalf."). Thus, given Packham's

---

[1] Taco Maker asserts Mr. Sugar was so "poorly prepared" for his deposition that he did not recall the address of the property, the amount that the property was listed for, or the date on which Brentwood engaged a real estate agent to re-let the property. As illustrated below, the court finds Sugar's testimony evidences an attempt to answer the questions as accurately as possible, as opposed to a lack of preparation. For example:

<u>Taco Maker</u>: And do you recall having entered into this agreement regarding the property identified as 343 North Frontage Road?
<u>Sugar</u>: I don't remember the Taco Maker address, but assuming that's The Taco Maker, yes.
(Dkt. No. 148-1) 9:6-10.

4

admitted lack of knowledge, [2] it is expected that Sugar's testimony would in fact be distinguishable. (Dkt. No. 120.)

Next, to the extent Brentwood asserts that Sugar's testimony differs from Mangum's testimony or from the terms of the Listing Agreement, these claims are more appropriately fodder for impeachment than sanction. While a Rule 30(b)(6) deposition is admissible against the party producing the deponent, the testimony is not the functional equivalent of a Rule 36 admission. *See Lindquist v. City of Pasadena*, 656 F. Supp. 2d 662, 698 (S.D. Tex. 2009) (*citing* Charles A. Wright et al.*,* Federal Practice & Procedure § 2103 (2d ed. 1994) (a 30(b)(6) deposition is not binding on party "in sense of preclusion or judicial admission."). Thus,

> [a]lthough [Plaintiff] is certainly bound by [its designee]'s testimony, it is no more bound than any witness is by his or her prior deposition testimony. A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition.

*R & B Appliance Parts, Inc. v. Amana Co., L.P.,* 258 F.3d 783, 786 (8th Cir. 2001); *see A.I. Credit Corp. v. Legion Ins. Co.,* 265, F.3d 630, 637 (7th Cir. 2001), *as amended on denial of reh'g* (Nov. 26, 2001.) Thus, Brentwood may view Sugar's testimony in the context of the record evidence and raise any contradictory or inconsistent statements for purposes of impeachment pat trial. *See Industrial Hard Chrome, Ltd. v. Hetran, Inc.,* 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) ("The testimony given at a Rule 30(b)(6) deposition is evidence, which, like any other deposition testimony, can be contradicted and used for impeachment purposes.").

---

[2] At her deposition, Ms. Packham stated: "I can just say that I was not involved in the re-tenanting of Taco Maker. That would have been between John Owens and Sanford Sugar." (Dkt. No. 120-1, 52:5-7.) She further identified Mr. Stanford Sugar as to appropriate witness for information occurring after February 11, 2015. (Dkt. No. 120-1, 55: 3-6.)

5

**There Is No Direct Evidence Of "Sandbagging" And Taco Maker Did Not
Re-File Its Motion To Compel Vance's Deposition.**

Somewhat related to the issue of conflicting testimony, Taco Maker asserts Brentwood has "sandbagged" the deposition process by redirecting questions between Packham, Sugar and Dwayne Vance (Vance) in an attempt to shield information from discovery. Defendant generally references "redirection" but fails to provide specific citation to testimony supporting the claim or to identify any relevant evidence that it has not received.[3]

It is not the burden of this court to sift through the record to find testimony to support Defendant's claims and, as discussed above, the issue of inconsistent testimony may be raised at trial. Further, the court previously provided an opportunity to address these concerns when it ordered that Taco Maker could renew its motion to compel Vance's testimony within seven days after the conclusion of Sugar's deposition. (Dkt. No. 129.) Taco Maker did not renew its motion and any attempt to do so now is denied.

The only sanction identified by Defendant as an appropriate remedy for alleged discovery violations is dismissal of the case with the entry of judgment in favor of Taco Maker. Dismissal with prejudice "is a drastic sanction, and one that must be grounded in some fault on the part of or binding upon the party." *Ocelot Oil Corp v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir. 1988) (internal citations omitted); *see also Meade v. Grubbs*, 841 F.2d 1512, 1520 n.7 (10th Cir. 1988) ("Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits. . . ., is dismissal an appropriate sanction."). For the reasons set forth, Taco Maker's motion for sanctions and request for dismissal of the case is denied.

---

[3] Taco Maker amorphously claims it has not received information on "mitigation," but tethers its argument to claims of conflicting testimony and perjury which the court ultimately finds to be without merit.

**II.     Brentwood's Motion For Sanctions**

While styled as a request for sanctions, Brentwood's brief raises a litany of issues including consolidation, out of district cases involving opposing counsel and the merits of its underlying claims. (Dkt. No. 150.) At the core, Plaintiff seeks an award of costs and fees stemming from its preparation of an opposition to Taco Maker's withdrawn motion for sanctions. (Dkt. No. 145.) Brentwood asserts that Defendant's decision to file, and then withdraw, its over-length motion was an "objectively vexatious and unreasonable multiplication of proceedings." (Dkt. No. 154, p. 10) (*citing Mellott v. MSN Communications,* 513 Fed. Appx. 753) (10th Cir. Colo. Mar. 19, 2013) (unpublished).

Brentwood's motion is denied. Under these circumstances, Plaintiff's decision to file, and subsequently withdraw, an over-length memorandum is not sanctionable. In seeking sanctions, Brentwood encourages the court to impute a calculated motive to Taco Maker's over-length filing. Plaintiff's claim, however, is based entirely on speculation and there is no evidence to support deliberate conduct.[4] In turn, any harm caused to Brentwood is specious in light of its own strategic decision to file a substantive opposition as opposed to a motion to strike the over-length filing.[5]

---

[4] *See* Brentwood's Motion For Sanctions (Dkt. No. 150, p. 2) ("One *must* ask how Attorney Stegawski could know that the court granted leave to file his proposed motion for sanctions without seeing the ten-page allowance in the same order—and how he might rationally and in good faith expect anyone to conclude that he did not deliberately flout it.") (emphasis in original); *Cmpr.* (Dkt. No. 152, p. 1-2) ("Counsel for Taco Maker filed an over-length brief due to a misreading of this Court's February 22, 2017 Order. . . . an inadvertent oversight does not constitute sanctionable conduct and Taco Maker took prompt, corrective action. Taco Maker properly and voluntarily withdrew its motion as soon as it received Brentwood's objection based on length.").

[5] Curiously, Brentwood points out how it previously challenged Taco Maker's over-length discovery motions through motions to strike (Dkts. No. 41, 42) which were granted by the court. (Dkt. No. 47.)

Throughout its motion Brentwood repeatedly raises Taco Maker's failure to meet and confer, and Defendant's refusal to "identify in any pre-filing communications any of the issues set forth in Taco Maker's motions." (Dkt. No. 154, p. 4.) At every turn, this court has encouraged the parties to engage in good faith meet and confer discussions and promoted the expeditious resolution of discovery disputes in a skilled and cost effective manner. Discovery, after all, is intended to be an efficient and self-executing exchange of relevant information with minimal involvement of the court. That said, the tenor of this litigation has reached such a level that the court sees little value in requiring the parties to return to the table in order to meet and confer regarding the motion for sanctions. While the meet and confer requirement remains in place, the court grows increasingly fatigued by the parties' escalating rhetoric and "shot across the bow" mentality.[6] As a result, the parties are advised that any future filings supported by hyperbole and lacking in factual or legal support will not be regarded favorably and may result in rulings that are not to the liking of either movant.

## III. Brentwood's Motion Ordering Taco Maker To File A Response

On January 13, 2016, Brentwood filed a motion for summary judgment. (Dkt. No. 96.) Due to pending discovery issues, Taco Maker did not file a response and on September 26, 2016, District Court Judge Shelby ordered deferral of Defendant's opposition until further order of the court. (Dkt. No. 119.) On February 2, 2017, Brentwood filed its pending motion for a court order requiring Taco Maker to file a response to its motion for summary judgment. (Dkt. No. 134.)

Other than seeking dismissal of the case, Taco Maker does not identify any specific information it remains entitled to but claims to have not received. Accordingly, discovery is

---

[6] *See generally* (Dkt. No. 138, p. 8) ("Sugar's testimony regarding the mitigation of damages lacks any credibility and is indisputably perjured."); (Dkt. No. 150, p. 10) ("Attorney Stegawski['s] 'amended' motion could be the last refuse of a coward who engages in legal McCarthyism with the corresponding paucity of decency.").

8

closed and Plaintiff's motion is granted. Taco Maker shall file an opposition to Brentwood's motion within twenty-eight (28) days of this Order. Brentwood's reply is due fourteen (14) days thereafter.

**ORDER**

Accordingly for the reasons stated above,

Brentwood's Motion to Order Taco Maker to File A Response is GRANTED (Dkt. No. 134);

Taco Maker's Amended Motion For Sanctions is DENIED (Dkt. No. 148); and

Brentwood's Motion For Sanctions is DENIED. (Dkt No. 150.)

**IT IS SO ORDERED.**

Dated: this 3rd day of May, 2017

_____
Dustin B. Pead
U.S. Magistrate Judge, District of Utah